388 So.2d 495 (1980)
William H. MORGAN
v.
STATE of Mississippi.
No. 52063.
Supreme Court of Mississippi.
October 1, 1980.
*496 Terry L. Jordan, Laurel G. Weir, Thomas L. Booker, Lewis, Booker & Lewis, Philadelphia, for appellant.
Bill Allain, Atty. Gen. by Susan L. Runnels, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before ROBERTSON, P.J., WALKER and BOWLING, JJ.
ROBERTSON, Presiding Justice, for the Court:
William H. Morgan was convicted in the Circuit Court of Neshoba County of aggravated assault on a fireman while acting within the scope of his duty. He was sentenced to serve ten years in the Mississippi State Penitentiary.
This is the second appearance of this case in this Court. On its first appearance [370 So.2d 231 (Miss. 1979)], we reversed and remanded for a new trial because, when the jury was polled, a juror indicated some doubt as to whether he had voted for the guilty verdict.
The facts of this case are rather unusual. Morgan was in the United States Marine Corps and had arrived in Philadelphia, Mississippi, the afternoon before the fire. About 1:30 a.m., November 25, 1977, Kenneth Coleman, a volunteer fireman, had received a radio signal at his home that there was a fire. He immediately went to the fire, a building known as the "Sport House". He put on his protective clothing and asked Chief W.G. Brunson of the Philadelphia Fire Department what he could do to help. Chief Brunson instructed him to help move the crowd back from the burning building. Coleman testified that some of the people moved but that Morgan, who was attempting to go into the building, did not move back so Coleman grabbed him and tried to pull him back. Morgan pulled loose from him and tripped over a piece of concrete. Coleman stated that Morgan then got up and knocked him back into the Chief, and that both fell down. Coleman further stated that Morgan then pulled a pistol on them and with the pistol pointed at Coleman backed him up to the fire truck some 30 or 40 feet away.
According to Coleman, Morgan hit him one time across the forehead with the pistol barrel and then Morgan returned to the burning building. Coleman further testified that at the time of this incident smoke was boiling out the door of the building, that there was confusion, and that people were running around, screaming and hollering that "Pie Shot" was still in the building. Coleman also stated that Morgan tried to grab the Chief's hand lantern to go back into the burning building, and that is when he grabbed Morgan and pulled him back. Coleman stated that he weighed 230 pounds and that Morgan weighed around 190 pounds.
Dr. Bondurant testified that the blow to the head cut down to the skull, and that he thought Coleman had suffered a possible skull fracture. He sewed up the wound and kept Coleman in the hospital for observation.
Morgan testified that he had gone to the fire with a girl friend, that he was the one who called the fire department and reported the fire, that when he heard Kathy Johnson scream that "Pie Shot" was still in there he went into the burning building twice to search for him, that as he attempted *497 to go back in for the third time someone grabbed him from the side and pulled him back, that he struggled with the person holding him, and that he (Morgan) was hit across the chest and knocked down. Morgan testified that as he lay on the ground all he could see was this big figure "just hovering over me, and so I just got up and hit him." Morgan was supported in his testimony by his witnesses, Dot Fielder, Roosevelt Smiley and Kathy Ann Johnson.
Coleman was supported in his testimony by Chief Brunson and fireman John Culberson.
Appellant has assigned as error:
1. The district attorney employed improper and prejudicial tactics in the trial below denying appellant a fair trial.
2. The verdict of the jury is against the overwhelming weight of the evidence and the court should have granted a judgment n.o.v. or a new trial.
3. The court below erred in giving the state's instruction.
The district attorney on cross-examination attempted to impeach Morgan by asking him if he did not recall testifying at his first trial that he hit Coleman as hard as he could with a 357 magnum. On Morgan's denial and after defense counsel's objection was overruled, the district attorney continued to cross-examine him about his testimony having been different on the first trial.
Finally defense counsel said:
"Your Honor, I object. That was not in that record, and I challenge him, if he's got the record, to produce it here where this Defendant said that."
Whereupon, the Court ruled:
"I am going to let this Defendant answer him, and then if you want to produce the record, I will permit you to do so."
On redirect examination defense counsel introduced the complete transcript of the first trial and read certain portions of it bearing out the truthfulness of Morgan's answers that he did not hit him with a pistol but hit him with his fist as hard and as fast as he could, after he had been knocked down by Coleman. The record also contains a bill of exceptions which states that the district attorney, in his closing argument, made this statement to the jury:
"Where is this pie in the sky person named Pieshot? Why has the person named Pieshot not come forward to testify today for the defendant?"
"At this time, Attorney Terry L. Jordan made objection and motion for mistrial which was overruled."
In Toney v. State, 298 So.2d 716 (Miss. 1974), this Court said:
"The questions asked by the district attorney and his remarks relative to some witnesses having perjured themselves by testimony taken on the motion for continuance amounted to an attempt to impeach appellant and his witnesses in an improper manner. The remarks in the presence of the jury were improper and prejudicial and the court should have instructed the jury to disregard these remarks and the district attorney should have been required to refrain from his attempt to impeach appellant's witnesses in an improper manner... . While it is proper for the district attorney to investigate to determine whether a witness or witnesses have testified falsely in a proceeding, it is not proper to do so in the trial of another proceeding to the prejudice of the accused then on trial. The state urges that the error, if any, was not prejudicial and therefore harmless. However, under the facts and circumstances of this case, we are of the opinion that this error was prejudicial." 298 So.2d at 719.
The trial court also was in error in putting the burden on the defendant to refute the statements made by the district attorney in cross-examining Morgan, statements that were not backed up by the record in the first trial.
The general rule as to commenting on the failure of a party to produce or examine a witness is stated in Phillips v. State, 183 So.2d 908 (Miss. 1966), wherein this Court said:

*498 "We held in Brown v. State, 200 Miss. 811, 27 So.2d 838 (1946), that the failure of either party to examine a witness equally accessible to both is not a proper subject for comment before a jury by either of the parties." 183 So.2d at 911.
The district attorney in his closing argument should not have argued:
"Where is this pie in the sky person named Pieshot? Why has the person named Pieshot not come forward to testify today for the defendant?"
When this Court reversed the conviction on the first appearance of this case before us, we stated in our opinion:
"We would first point out that the evidence in this case as to criminal intent was extremely close and has given this Court much concern." Morgan v. State, 370 So.2d at 231.
We have carefully examined the record on retrial with reference to proving criminal intent on the charge of aggravated assault on a fireman acting within the scope of his duty. Defendant has maintained all along that he did not recognize the person who grabbed him as a fireman. The record reflects that, while the other firemen wore black protective coats and yellow helmets, Coleman's fire helmet was black, thereby distinguishing him from the other firemen. The testimony of the state's witnesses, as well as defense witnesses, was that it was at night, that there was great confusion, that Morgan was attempting to go back into the building for the third time to see if anyone was still in the burning building, and that he was grabbed by Coleman from the side, in an attempt to keep him from going back into the burning building to search for a person that bystanders were screaming was still in the building.
All of this, together with the positive testimony of the defendant that he did not know Coleman was a fireman, convinces us that defendant was guilty only of the lesser included offense of simple assault, under Mississippi Code Annotated section 97-3-7 (1979 Supp.), which provides:
"A person is guilty of simple assault if he (a) attempts to cause or purposely, knowingly or recklessly causes bodily injury to another; or (b) negligently causes bodily injury to another with a deadly weapon or other means likely to produce death or serious bodily harm; or (c) attempts by physical menace to put another in fear of imminent serious bodily harm; and, upon conviction, he shall be punished by a fine of not more than five hundred dollars ($500.00) or by imprisonment in the county jail for not more than six (6) months, or both...."
For these reasons, the conviction, of aggravated assault on a fireman while acting within the scope of his duty and office, is reversed; and this case remanded to the lower court for resentencing for the crime of simple assault.
REVERSED AND REMANDED.
SMITH, P.J., and SUGG, WALKER, BROOM, LEE, BOWLING and COFER, JJ., concur.
PATTERSON, C.J., took no part.