WALKER, Presiding Justice, for the Court:
This is an appeal from the Circuit Court of Quitman County, Mississippi wherein the appellant, Billy Ray Staten, a convicted felon, was indicted and tried for possession of a deadly weapon. Following conviction he was sentenced to serve a term of five (5) years in the custody of the Mississippi Department of Corrections. Aggrieved at the lower court’s holding he has perfected an appeal to this Court assigning as error that the verdict was against the overwhelming weight of the evidence.
On March 23, 1984 at approximately 7 p.m. in the parking lot of a cafe known as Miss Stell’s Place Billy Ray Staten’s auto *235 mobile was struck twice by a van driven by Frankie Lee Brown. Brown got out of his van to apologize to Staten who proceeded to slap Brown. Brown then noticed that Staten had a black pistol pointed toward his (Brown’s) face. Brown grabbed a stick to protect himself. After Staten took the stick away from Brown, Brown ran, got in his van and left. Although Brown did not know where Staten got the gun, three witnesses for the State, who were present at the scene of the incident and saw Staten with the gun, testified Staten took the gun from the floor of his vehicle near the driver’s seat.
The appellant, testifying in his own behalf, stated that after Brown struck his car he (Brown) got out of his van cussing and “... kept running back, like he was getting something from under the seat, and he kept running up in my face, so I slapped him”. Staten as well as two witnesses testifying for the defense denied that he (Staten) held a gun on Brown on the night in question.
After being properly instructed the jury began deliberations. After two hours and forty minutes the jury returned with a verdict of guilty as charged. The appellant having been convicted previously of the crime of arson was sentenced to a term of five (5) years for possession of a deadly weapon.
The appellant contends the evidence offered at trial was neither substantial nor believable to support the jury’s verdict. Appellant specifically points out that the State’s witnesses contradicted each other in their descriptions of the gun appellant allegedly pointed at Brown on March 23. Brown himself identified the gun as a black pistol. Another of the State’s witnesses was only able to state that “it looked like a gun” and two other witnesses described it as being a silver gun.
Appellant contends that a gun never existed as Brown, who was closest to the appellant during the incident, was unable to state where Staten obtained the gun from.
The matter occurred within a short period of time in the early evening hours. The witnesses saw the gun momentarily and although their descriptions varied in minute detail they were confident in what they saw Staten with a gun in his hand.
Appellant’s theory that there was no gun because Brown did not see where Staten obtained the gun fails as Brown explained that he became dizzy after the appellant slapped him and when “I came back to he had a gun on me.”
This Court has often stated that where the testimony is in conflict, the jury is the sole judge of the weight and worth to be given that testimony. They may believe or disbelieve, accept or reject the utterance of any witness. Luvene v. State, 481 So.2d 323 (1985); Smith v. State, 463 So.2d 1102 (Miss.1985); Groseclose v. State, 440 So.2d 297 (Miss.1983); Gathright v. State, 380 So.2d 1276 (Miss.1980).
Furthermore in Gandy v. State 373 So.2d 1042 (Miss.1979) this Court said:
No formula dictates the manner in which jurors resolve conflicting testimony into findings of fact sufficient to support their verdict. That resolution results from the jurors hearing and observing the witnesses as they testify, augmented by the composite reasoning of twelve individuals sworn to return a true verdict. A reviewing court cannot and need not determine with exactitude which witness or what testimony the jury believed or disbelieved in arriving at its verdict. 373 So.2d at 1045
The jury observed and heard the testimony of all the witnesses. They were aware of not only those conflicts between the State and defendant’s witnesses but also any inconsistencies which came to light between those witnesses testifying on behalf of the State. With this in mind they resolved those conflicts and found the evidence sufficient to support a finding of “guilty as charged.”
Upon careful review of the record before us we find there was competent evidence to *236 support the jury’s verdict, therefore, the judgment of the Circuit Court is affirmed.
AFFIRMED.
PATTERSON, C.J., ROY NOBLE LEE, P.J., and HAWKINS, DAN M. LEE, PRATHER, ROBERTSON, SULLIVAN and ANDERSON, JJ., concur.