540 So.2d 17 (1989)
Willie Earl GRIFFIN
v.
STATE of Mississippi.
No. 58231.
Supreme Court of Mississippi.
February 22, 1989.
*18 T.H. Freeland, III, T.H. Freeland, IV, Tim F. Wilson, Freeland & Freeland, Oxford, for appellant.
Mike Moore, Atty. Gen. by Harrison S. Ford, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before ROY NOBLE LEE, and ROBERTSON and ANDERSON, JJ.
ROY NOBLE LEE, Chief Justice, for the Court:
Willie Earl Griffin was convicted in the Circuit Court of Bolivar County for aggravated assault upon Hilbert Cook and was sentenced to eight (8) years in the custody of the Mississippi Department of Corrections with three (3) years suspended. He has appealed to this Court and assigns four (4) errors in the trial below.

Facts
The appellant operates a construction business specifically pertaining to sandblasting and spray painting commercial buildings such as grain elevators. On August 19, 1986, he finished a job at Tutwiler Grain, Inc., in Tutwiler, Mississippi, received a check from the company and cashed it at the Bank of Tutwiler to obtain money for the purpose of paying his employees their weekly salaries. The cash amounted to approximately $2,000. For security and protection, appellant was carrying a .357 Magnum revolver in his pocket.
At the end of the workday, appellant loaded the employees in his van, drove to Cleveland, where he and the employees lived, paid them the wages due, and took them home. As he proceeded down Chrisman Street toward his own residence, he observed a large crowd of people and several police cars in an area which had the reputation of being the roughest neighborhood in Cleveland. It was located only five or six blocks from appellant's home.
Appellant, being curious, stopped his van and got out to speak with the police officers at the scene to find out the trouble. He learned that two youths had struck a third youth in the head with a 2 X 4 (piece of lumber), rendering him unconscious. Appellant began to talk with other men at the scene about the violence in the area. An argument broke out between two men in another group, i.e., Ernest Walker and Hilbert Cook, the victim. Griffin interceded in the argument as peacemaker and he and Cook began to exchange words. Cook's sister grabbed him by the arm and attempted to pull Cook from the crowd and lead him up the street. Appellant turned from the crowd and started toward his van. At that point, Cook broke away from the sister and headed back toward appellant. As a result, appellant and Cook came together in the middle of Chrisman Street, appellant drew the .357 Magnum from his back pocket and hit Cook on the head, which caused the revolver to discharge. Cook fled the scene and Griffin proceeded to his van and drove home, not knowing that Cook had been injured. Witnesses for the State and the defendant were in agreement that the discharge of the revolver was accidental.
Cook was taken to the East Bolivar County Hospital where he was examined and treated. The treating physician testified at trial that the only injury suffered by Cook was a graze wound to the back of his neck. Shortly after the incident, appellant was arrested and was released on bond. On September 7, 1986, he appeared for a preliminary hearing before Justice Court Judge Inge to determine whether or not there was probable cause to bind him over for Grand Jury proceedings. Appellant was exonerated at the preliminary hearing and was not bound to await the action of the Grand Jury. However, on October 21, *19 1986, he was indicted for aggravated assault and was tried on December 11, 1986, the trial resulting in his conviction.

Law

I.  II.
The appellant contends (1) that the lower court erred in denying his motion for a directed verdict on the charge of aggravated assault, since the undisputed evidence reflects that the gun was intentionally used in the alleged assault as a blunt instrument and that the discharge of the gun was accidental, and (2) the lower court erred in denying appellant's objection to the district attorney's motion to substantially amend the indictment at the close of the prosecution's proof, which was an amendment of substance.
Mississippi Code Annotated § 97-3-7 (Supp. 1986), defines "simple assault" and "aggravated assault" as follows:
(1) a person is guilty of simple assault if he (a) attempts to cause or purposely, knowingly or recklessly causes bodily injury to another; or (b) negligently causes bodily injury to another with a deadly weapon or other means likely to produce death or serious bodily harm; or (c) attempts by physical menace to put another in fear of imminent serious bodily harm.
(2) A person is guilty of aggravated assault if he (a) attempts to cause serious bodily injury to another, or causes such injury purposely, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life; or (b) attempts to cause or purposely or knowingly causes bodily injury to another with a deadly weapon or other means likely to produce death or serious bodily harm.
The original indictment read in pertinent part:
did unlawfully, wilfully, and feloniously, purposely and knowingly, cause bodily injury to Hilbert Cook, Jr., with a deadly weapon, to-wit: a pistol, by shooting the said Hilbert Cook, Jr., in the head.
At the close of the State's case, the district attorney moved to amend the indictment in pertinent part as follows:
did unlawfully, wilfully, and feloniously, purposely and knowingly, cause bodily injury to Hilbert Cook, Jr., with a deadly weapon, to-wit: a pistol, a means likely to produce serious bodily harm.

Counsel for appellant objected strenuously to the amendment on the grounds that (1) the amendment was substantive and not merely technical, and (2) the gun, if used as a blunt instrument, would not support an aggravated assault charge and was improper. The court allowed the amendment. Prior to the district attorney's motion to amend, appellant expressed to the court his desire to file a motion for directed verdict. The lower court permitted amendment of the indictment as indicated above, and then overruled the motion for directed verdict by appellant. At the conclusion of the defendant's case, he again moved the court for a directed verdict, which was overruled.
Under the definition of simple assault set forth hereinabove, the jury could have found appellant guilty of "simple assault" upon the facts of the case. Also, under the definition for "aggravated assault," the jury could have found the appellant guilty of aggravated assault upon the facts.
The use of the .357 Magnum as a blunt instrument could have been found by the jury to be a weapon which could cause bodily injury to another. Many times, a club, pistol, blackjack, or other instrument can cause serious bodily harm to a person.
The appellant contends that he could not have been convicted for more than simple assault on the facts of the present case and that he was entitled to a directed verdict of not guilty on the charge of aggravated assault. He relies for his position on Morgan v. State, 388 So.2d 495 (Miss. 1980). In Morgan, the defendant struck a fireman with a handgun which cut through the scalp clear to the skull. The conviction of Morgan was reversed and the cause was remanded to the lower court for resentencing for the crime of simple assault. We distinguish the Morgan case in the following respects:
*20 (1) Morgan was convicted for aggravated assault on a fireman while acting within the scope of his duty.
(2) The testimony was uncontradicted that Morgan did not know the victim (Coleman) was a fireman.
(3) The main thrust of the aggravation was the assault upon a fireman.
(4) Mississippi Code Annotated § 97-3-7(2), in concluding, states: "... provided, however, a person convicted of aggravated assault upon a law enforcement officer or fireman while such law enforcement officer or fireman is acting within the scope of his duty and office shall be punished by a fine of not more than five thousand dollars ($5,000) or by imprisonment for not more than thirty (30) years, or both."
In Morgan, at page 498, the Court said:
We have carefully examined the record on retrial with reference to proving criminal intent on the charge of aggravated assault on a fireman acting within the scope of his duty. Defendant has maintained all along that he did not recognize the person who grabbed him as a fireman. The record reflects that, while the other firemen wore black protective coats and yellow helmets, Coleman's fire helmet was black, thereby distinguishing him from the other firemen. The testimony of the state's witnesses, as well as defense witnesses, was that it was at night, that there was great confusion, that Morgan was attempting to go back into the building for the third time to see if anyone was still in the burning building, and that he was grabbed by Coleman from the side, in an attempt to keep him from going back into the burning building to search for a person that bystanders were screaming was still in the building.
All of this, together with the positive testimony of the defendant that he did not know Coleman was a fireman, convinces us that defendant was guilty only of the lesser included offense of simple assault, under Mississippi Code Annotated section 97-3-7 (1979 Supp.), which provides:
* * * * * *
For these reasons, the conviction, of aggravated assault on a fireman while acting within the scope of his duty and office, is reversed; and this case remanded to the lower court for resentencing for the crime of simple assault.
388 So.2d at 498.
If the status of Coleman as a fireman acting in the line of duty had not been the entire emphasis in the case, the discussion probably would have been in a different vein. Ward v. State, 479 So.2d 713 (Miss. 1985); Brooks v. State, 360 So.2d 704 (Miss. 1978); Pulliam v. State, 298 So.2d 711 (Miss. 1974).
Under assigned Error II, the appellant contends that the lower court erred in permitting the State to amend the indictment at the close of the State's case, over objection, and at a time when he had indicated his desire to file a motion for directed verdict from the charge "by shooting the said Hilbert Cook, Jr., in the head" to that of "a pistol, a means likely to produce serious bodily harm."
Had the lower court not permitted the amendment of the indictment, appellant would have been entitled to a directed verdict of not guilty on the aggravated assault charge of shooting Hilbert Cook, Jr. in the head with the pistol, since the evidence was uncontradicted that the gun accidentally fired and that he was not wounded by the firing of the weapon. The defense was built around the theory that the firing of the weapon was accidental and that the victim was not shot. When the charge was amended, as above stated, at the conclusion of the State's case, the entire theory of the appellant's defense went down the drain. The appellant objected strenuously to the amendment.
The State argues that the amendment and change in the indictment amounted to a technical change and was not substantive in nature. In Reed v. State, 506 So.2d 277 (Miss. 1987), the Court said:

*21 The test of whether an accused is prejudiced by the amendment of an indictment or information has been said to be whether or not a defense under the indictment or information as it originally stood would be equally available after the amendment is made and whether or not any evidence accused might have would be equally applicable to the indictment or information in the one form as in the other; if the answer is in the affirmative, the amendment is one of form and not of substance.
506 So.2d at 279.
In the case sub judice, the State recognized that it had failed to meet its burden of proving that appellant had committed aggravated assault by shooting Cook and the amendment brought about an entirely new charge. We are of the opinion that the amendment amounted to a substantive change in the indictment and that the appellant was prejudiced by the amendment at that late date. At least, the lower court should have granted a continuance upon permitting the amendment. We are of the opinion that the lower court committed reversible error which requires remand for a new trial.

III.
The appellant contends (3) that appellant's request for a lesser-included offense instruction of simple assault constitutes reversible error.
At the conclusion of all the evidence, the appellant requested that the court grant a lesser-included offense of simple assault, which was refused by the court. In Harbin v. State, 478 So.2d 796 (Miss. 1985), the Court said:
A lesser-included offense instruction must be granted where a reasonable juror could not on the evidence exclude the lesser-included offense beyond a reasonable doubt.
478 So.2d at 799. See also Griffin v. State, 533 So.2d 444 (Miss. 1988); Fairchild v. State, 459 So.2d 793 (Miss. 1984).
We are of the opinion that the lower court should have granted a simple assault instruction on the facts of this case and refusal to do so constitutes reversible error.

IV.
We have carefully considered assigned Error IV and are of the opinion that the errors charged in such assignment will not reoccur on the next trial and, therefore, we decline to discuss same.
For the reversible errors mentioned, the judgment of the lower court is reversed and the cause is remanded for a new trial on the merits.
REVERSED AND REMANDED.
HAWKINS and DAN M. LEE, P.JJ., and PRATHER, ROBERTSON, SULLIVAN, ANDERSON and ZUCCARO, JJ., concur.
ROBERTSON, J., concurs by separate written opinion joined by HAWKINS, P.J., and ZUCCARO, J.
PITTMAN, J., not participating.
ROBERTSON, Justice, concurring:
I concur in the result and most of what is said by the Court en route. I expressly concur in the view that, consistent with the language of our statute, Miss. Code Ann. § 97-3-7(2) (Supp. 1988), it may not be said as a matter of law that striking someone in the head with a .357 Magnum may never rise to the dignity of aggravated assault. On this record whether Griffin was guilty of aggravated assault was a question for the jury. Lee v. State, 469 So.2d 1225, 1229-30 (Miss. 1985).
The problem is that Morgan v. State, 388 So.2d 495 (Miss. 1980) unmistakably holds to the contrary. In Morgan the defendant hit the victim one time across the forehead with a pistol barrel, a blow which cut down to the skull. Morgan, 388 So.2d at 496. The bodily injury caused the victim in Morgan is more serious than that in the present record. The indubitable holding of Morgan is that such an assault is but simple assault within Miss. Code Ann. § 97-3-7(1) (Supp. 1988). If Morgan is good law, we must reverse and render on *22 the aggravated assault charge laid in the present indictment.
With respect, the majority misreads Morgan. The discussion there whether defendant knew his victim was a fireman is irrelevant to today's case, for nothing in the statutory scheme makes the victim's status an element of the offense of aggravated assault. A careful reading of Section 97-3-7(2) makes clear that aggravated assault is aggravated assault, no matter who the victim is. The only function of the victim's status as a law enforcement officer or fireman acting in the line of duty is to provide for enhanced punishment  a maximum of thirty years imprisonment, or a fine up to $5,000.00, or both, as opposed to a maximum twenty year sentence for aggravated assault when committed on anyone else. But the elements of the offense of aggravated assault remain the same no matter who the victim is.
Morgan confusingly refers to "the charge of aggravated assault on a fireman acting within the scope of his duty" and then, irrelevantly, inquires whether defendant "recognize[d] the person who grabbed him as a fireman." Morgan, 388 So.2d at 498. That inquiry would under the statute have been relevant only to the point of maximum sentence, which, of course, would have been relevant only after it had been finally adjudged  wholly without reference to the victim's status  that defendant committed the offense of aggravated assault.
Morgan as law is as unfortunate as its language. As a matter of common sense, striking another with a pistol with such force that there is a cut down to the skull, requiring stitches and hospitalization for observation, Morgan, 388 So.2d at 496, may well emanate from an attempt to cause serious bodily injury purposely, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life. Miss. Code Ann. § 97-3-7(2)(a) (Supp. 1988). Moreover, a pistol  or, here, a .357 Magnum  is certainly a "means" that may be considered likely to produce serious bodily harm. Miss. Code Ann. § 97-3-7(2)(b) (Supp. 1988).
Morgan may not fairly be distinguished. It may only be overruled or followed. To the extent it is inconsistent with the statute, I would overrule it and apply that overruling in today's case, as there is nothing in the record to suggest that on August 19, 1986, Griffin in fact relied to his detriment upon the Morgan rule.
On all other points I concur in the majority opinion and in its judgment that this case must be reversed and remanded for a new trial on all issues.
HAWKINS, P.J., and ZUCCARO, J., join in this opinion.
PITTMAN, J., not participating.