# IN THE COURT OF APPEALS 12/03/96

# OF THE

# STATE OF MISSISSIPPI

## NO. 93-KA-00586 COA

**CLYDE WENDELL SMITH AND JEROME "PETE" SMITH**

**APPELLANTS**

**v.**

**STATE OF MISSISSIPPI**

**APPELLEE**

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION AND

MAY NOT BE CITED, PURSUANT TO M.R.A.P. 35-B

TRIAL JUDGE: HON. GRAY EVANS

COURT FROM WHICH APPEALED: HUMPHREYS COUNTY CIRCUIT COURT

ATTORNEYS FOR APPELLANTS:

W.S. STUCKEY, JR. (ATTY F
D. MOUNGER (ATTY FOR C

ATTORNEY FOR APPELLEE:

OFFICE OF THE ATTORNEY

BY: JEAN SMITH VAUGHAN, SPECIAL ASSISTANT ATTORNEY GENERAL

DISTRICT ATTORNEY: FRANK CARLTON

NATURE OF THE CASE: CRIMINAL (FELONY)

TRIAL COURT DISPOSITION: C. SMITH: CTS 1 & 2 AGGRAVATED ASSAULT; CTS 3 &4 CARRYING CONCEALED WEAPON BY CONVICTED FELON. LIFE AS HABITUAL. J. SMITH: 2 CTS AGGRAVATED ASSAULT. 10 YRS IN MDOC 2 YRS SUSPENDED.(SEE

OTHER RECORD INFO)


BEFORE THOMAS, P.J., KING, AND MCMILLIN, JJ.

MCMILLIN, J., FOR THE COURT:


Clyde Wendell Smith (Clyde Smith) and Jerome "Pete" Smith (Pete Smith) were indicted for a number of crimes, all arising out of an altercation that pitted these two brothers against Wendell Wright and Lynn Robinson, who were also brothers. Pete Smith was charged with two counts of aggravated assault. Clyde Smith was indicted on the same two counts and two additional charges of carrying a concealed weapon as a convicted felon. His indictment further charged him as a habitual offender under section 99-19-83 of the Mississippi Code of 1972. The Smith brothers were tried together in a bench trial in the Circuit Court of Humphreys County and convicted on all charges. Clyde Smith was sentenced under section 99-19-83 of the Mississippi Code of 1972 to life without parole.

Each defendant has perfected a separate appeal raising different issues for consideration. We find one issue raised by Clyde Smith to have merit, which requires this Court to reverse and render judgment of acquittal as to his conviction for aggravated assault with a firearm. Though Pete Smith did not make the same assignment of error, nevertheless, we determine it appropriate to note the same issue in his appeal on the basis of plain error and reverse and render his conviction on that same count.

All remaining convictions are affirmed.

I.

The Facts


Certain of the more detailed facts of this case are relevant only to consideration of specific issues and will, therefore, be reserved for further development at the appropriate time. For now it is sufficient to say that the record reveals that Pete Smith became involved in a verbal confrontation with Lynn Robinson in front of Robinson's residence in Belzoni. Pete Smith left, only to return shortly thereafter accompanied by his brother, Clyde. The verbal confrontation was renewed and ultimately escalated into a physical encounter joined in progress by Wendell Wright. Pete Smith thereafter devoted his principal efforts to Wright, and Clyde Smith continued his attention to Robinson.

Prior to the exchange of blows, Clyde Smith was observed to be holding one hand behind his back. During the course of the fight, a witness saw a device on the previously concealed hand commonly known as "brass knuckles," with which he was administering blows to the person of Robinson. As the episode progressed, Clyde Smith subsequently produced from his person a firearm. The gun discharged but struck no one. The circumstances regarding the firing of the gun are uncertain and will be discussed in some additional detail later in this opinion. Apparently, the discharge of the pistol

helped restore some measure of sanity to the situation and the altercation ceased, to be followed, in due course, by the indictments, trial, and convictions already described.

III.

Clyde Smith's Separate Appeal

A.

The Amendment to the Indictment During Trial

One count of the indictment in its original form charged that Clyde Smith did "attempt to cause bodily injury to Lynn Robinson by shooting at him with a deadly weapon, to wit, a firearm . . . ." During the course of the State's case, it began to appear that proof was lacking that Clyde Smith had wilfully discharged the pistol at Robinson. The witnesses for the State seemed to be in accord that, while Clyde Smith was undoubtedly brandishing the pistol in the course of the fight, it only discharged accidentally when Robinson struck a blow to his arm to try to knock the pistol away. On motion of the State, and over the timely objection of the defendant, the trial court permitted a mid-trial amendment to the indictment so that it charged that the defendant did "attempt to cause bodily injury to Lynn Robinson by *attempting to shoot at him* with a deadly weapon, to wit, a firearm. . . ."

Clyde Smith asserted at the trial level and argues to this Court on appeal that this was an impermissible substantive amendment of the charge against him, permitted under our law to be accomplished only by an action of the grand jury. *See Griffin v. State,* 540 So. 2d 17, 20-21 (Miss. 1989) (citations omitted). This Court agrees.

The deceptively simple rule regarding amendments to an indictment under these circumstances is that the trial court may allow amendments of form but not of substance. *See Holmes v. State,* 660 So. 2d 1225, 1226 (Miss. 1995); *Quick v. State*, 569 So. 2d 1197, 1199 (Miss. 1990); *Contreras v. State,* 445 So. 2d 543, 545 (Miss. 1984). The difficulty lies -- not in stating the rule -- but in defining the distinction between matters of form and substance and then attempting to apply those definitions to factual situations that stubbornly resist any attempt to place them squarely on one side or the other of the dichotomy.

We receive some instruction from a passage appearing in the 1969 case of *Byrd v. State*, which has been subsequently quoted a number of times as being the rule in Mississippi:

> The test of whether an accused is prejudiced by the amendment of an indictment or information has been said to be whether or not a defense under the indictment or information as it originally stood would be equally available after the amendment is made and whether or not any evidence [the] accused might have would be equally applicable to the indictment or information in the one form as in the other; if the answer is in the affirmative, the amendment is one of form and not of substance . . . .

*Byrd v. State,* 228 So. 2d 874, 875-76 (Miss. 1969) (quoting 42 C.J.S. *Indictments & Informations* § 240 (1944)).

In this case, we rely upon the first portion of the rule to conclude that, by its mid-trial amendment, the State has unquestionably deprived the defendant of one defense that, as the trial progressed, appeared to be growing stronger and stronger. The indictment, charging as it did, that the defendant attempted to injure his victim "by shooting at him with a deadly weapon," committed the State to prove that Clyde Smith intentionally discharged the gun at Robinson, and that the victim escaped injury only through the fortuitous fact that the defendant's aim was not true. As to that charge, the defendant had the available defense of proving either that the gun was never discharged or that any discharge was accidental. After the amendment, the defendant had neither defense available, but was subject to being convicted upon proof satisfactory to the jury that, at some time prior to the accidental discharge of the gun, he was, while possessed with the necessary intent, pursuing a course whose objective was to inflict an injury on Robinson by shooting him, but that he was prevented from accomplishing that objective by forces beyond his control.

This is not to say that a person may not, upon a proper charge and upon proper proof, be convicted of aggravated assault with a firearm despite proof that the firearm was never fired or was fired accidentally. This is true because of the fact that our statutory crime of aggravated assault makes both the infliction of injury and the attempt to inflict such injury the same crime. There is no "attempted aggravated assault" as there is attempted murder or attempted burglary. Nevertheless, to properly charge and prove such an offense without the actual wilful discharge of the firearm, it would appear that the State would have to show the intentions of the defendant to inflict injury with the firearm together with subsequent acts undertaken to accomplish the injury that were somehow thwarted by circumstances beyond the defendant's control at or near the point in time that the injury was about to be inflicted. Thus, a defendant who is unexpectedly physically restrained while pointing a gun at his victim may be guilty of the same crime as a defendant similarly situated who actually fires the gun; nevertheless, the indictments would be factually different, and the first defendant would have available to him a defense not available to the second. The first defendant could obtain an acquittal by simply convincing the jury that he had no intention of ever actually firing the gun, with or without the intervention of the outside restraining force. Clearly, the defendant who discharged the firearm does not have that same defense available to him.

Essentially the same considerations apply to this case, since the proof tended, at least in the eyes of the State, toward the proposition that the discharge of the gun was accidental. Thus, the State's theory of the case changed from that of the defendant having wilfully shot at Robinson to that of a claim that the defendant intended to purposely shoot Robinson and was only prevented from doing so by some intervening force or event. This denied the defendant of a defense available under the original form of the indictment; namely, that the discharge of the gun was accidental and not purposeful.

In *Griffin v. State*, 540 So. 2d 17, 19 (Miss. 1989), the defendant was indicted for aggravated assault on a charge of shooting the victim in the head. The State's proof showed, however, that the defendant struck the victim on the head with the pistol, causing the gun to accidentally discharge.

The victim was not injured by the bullet. The trial court permitted an amendment to the indictment to omit the specific factual allegation of "by shooting [the victim] in the head," and left the defendant to face a non-specific charge of aggravated assault with "a pistol, a means likely to produce serious bodily harm." While conceding that an assault using a pistol as a blunt instrument *could* constitute an aggravated assault, the supreme court nevertheless concluded that such an amendment, permitting the State to substantially alter its theory of the case, amounted to an entirely new charge that constituted a substantive change in the indictment. *Id.* at 19, 21. The court observed that "[t]he defense was built around the theory that the firing of the weapon was accidental and that the victim was not shot. When the charge was amended, as above stated, at the conclusion of the State's case, the entire theory of the appellant's defense went down the drain." *Id.* at 20.

We determine that the facts of this case are sufficiently akin to those of *Griffin* to conclude that the amendment to the indictment now before us was one of substance and not mere form. An indictment must do more than simply technically charge a crime under an existing statute. It is required to "be a plain, concise and definite written statement of the essential facts constituting the offense charged . . . ." *See* Unif. Crim. R. Cir. Ct. Prac. 2.05. A significant variation in the "essential facts" forming the basis of the charge, where the change has the effect of substantially altering a primary defense of the defendant, must be seen as an impermissible substantive change in the charge, and we conclude that to be the case in this instance.

We note at this point that Pete Smith did not raise this same issue on appeal. Normally, the failure to raise an issue on appeal constitutes a waiver of an otherwise reversible error. *See Moore v. State,* 676 So. 2d 244, 245 (Miss. 1996). However, in this case, the State relied upon exactly the same proof to support its conviction of Pete on this count, based on the theory that the two brothers were acting in concert, aiding and abetting each other in the commission of the various offenses. This is, of course, a permissible theory of prosecution; however, were we to strictly apply the doctrine of waiver, we would be in the position of affirming Pete's conviction on this count on an indictment that we have concluded to have been improperly amended. We conclude that such a result would not advance the fair and equitable administration of justice on these unique facts, and have elected to note this same error in Pete Smith's appeal under the doctrine of plain error as permitted by Mississippi Rule of Appellate Procedure 28(a)(3). *See* M.R.A.P. 28(3). Therefore, we reverse his conviction on this count on the same reasoning.

B.

Amendment to Add Date of Former Conviction

Clyde Smith argues that the count of the indictment charging him with carrying a concealed weapon as a convicted felon failed to state the date of a former conviction and was, therefore, fatally defective. The trial judge denied Smith's demurrer to the indictment and allowed the State to interline the date of the prior conviction.

In *Benson v. State,* the supreme court was faced with a similar situation. *See Benson v. State,* 551 So. 2d 188, 195-96 (Miss. 1989). Benson was indicted as a habitual offender. The indictment set out the "state, county, and city jurisdiction of the three previous convictions, the description of the offenses,

the cause number in each of the three cases and the sentence of the courts," but failed to state the date of the judgments. *Benson,* 551 So. 2d at 196. In affirming the lower court decision to allow the amendment adding the date, the court stated, "[w]hile it is correct that the date of the judgment is not specifically stated in the indictment, all of the information that is contained, and specifically the cause number, afforded the defendant access to the date of the judgment." *Id.* at 196. The supreme court's ruling in *Benson* requires us to resolve this issue against the defendant.

C.

Sufficiency of Evidence to Support Sentencing as Habitual Offender

Clyde Smith claims the State's proof was legally insufficient to sentence him as a recidivist under the heavier sanctions of section 99-19-83 of the Mississippi Code of 1972. *See* Miss. Code Ann. § 99-19-83 (1972). Specifically, he charges that the proof was not sufficient to establish that one of his two prior felony convictions was a crime of violence, a requirement of section 99-19-83 not found in section 99-19-81, the other recidivist statute. Smith's two prior convictions were for burglary and kidnaping. He states that burglary is "clearly" not a crime of violence and then proceeds to argue that the proof was lacking to show that his kidnaping conviction constituted a crime of violence. We note at the outset, though not necessary to our decision, that the proposition of whether burglary is a crime of violence is not as "clear" as this defendant might think. The United States Sentencing Guidelines specifically include burglary of a dwelling in the itemization of crimes of violence. U.S.S.G. § 4B1.2(1). Nevertheless, we will address the issue on the basis of the previous kidnaping conviction.

Violence, within the meaning of section 99-19-83, is nothing more than force unlawfully exercised. *See McQueen v. State,* 473 So. 2d 971, 972 (Miss. 1985). A "crime of violence," however, does not require the actual unlawful use of force. It may be a crime that involves the threat of violence to accomplish an unlawful purpose combined with the exhibition of the means to accomplish the desired end. *Id.* at 972. Thus, armed robbery is a crime of violence whether a weapon is actually used to inflict injury, or whether its mere presence and the threat of its use compel the victim to submit. *King v. State,* 527 So. 2d 641, 646 (Miss. 1988).

Kidnaping involves the deprivation of a person's freedom against that person's will. It is impossible that such a crime could be successfully accomplished without the actual use of physical force or the menacing threat of imminent force under circumstances that compel the victim to involuntarily surrender his personal liberty, a right more precious than property. This Court finds it ludicrous to suggest that the crime of kidnaping is not a crime of violence within the intendment of section 99-19-83. While we note that the State proved some of the facts surrounding this previous kidnaping conviction, including the fact that the defendant used a knife in the commission of the crime, it should be understood that we consider such evidence unnecessary for the decision we reach today. To hold otherwise would be to suggest to future appellants that there may be a factual scenario under which the crime of kidnaping would not be considered a violent crime under section 99-19-83. We categorically reject such a proposition.

D.

Weight of the Evidence to Sustain Conviction

Finally, Clyde Smith challenges the weight of the evidence to sustain his conviction for all charges. Because we are reversing Smith's conviction for aggravated assault with a pistol, we will not address the weight of the evidence to sustain his conviction on that charge, but will, instead, focus on the evidence to support the other three charges.

On appeal of the trial court's denial of Smith's motion for new trial, we must consider the evidence "in the light consistent with the verdict," giving the State all favorable inferences which can be drawn from that evidence. *Strong v. State,* 600 So. 2d 199, 204 (Miss. 1992). This Court will reverse "only when we are convinced that the trial court has abused its discretion in failing to grant a new trial." *Id.* (citation omitted).

Smith was charged with aggravated assault for the use of brass knuckles. Testimony from Patricia Robinson, the wife of the victim, revealed that she observed the brass rings of the knuckles on Smith's hand when he was hitting her husband, as well as the cuts and bruises which resulted. Both Lynn Robinson and Wendell Wright testified that they did not actually see the brass knuckles during the fighting. However, Lynn Robinson stated that he felt the knuckles when Smith was hitting him, and his injuries were too severe to have been caused by a fist only. And, Wendell Wright also testified that the cuts and other injuries sustained by his brother could not have been made by a fist.

In regard to the two charges of carrying a concealed weapon by a convicted felon, the State presented the testimony of Patricia Robinson, who stated that Smith had his hand behind his back when the altercation began. She further testified that during the fight, she noticed the rings of the brass knuckles, but that the remainder of the weapon was covered by Smith's hand. Patricia Robinson also stated that Smith pulled a gun on her husband, which he obviously pulled from his person. In addition, Lynn Robinson testified that Smith pulled a gun from the back of his pants, which was obviously concealed up until that moment. Finally, the State presented the testimony of Wendell Wright, who also testified that Smith pulled a gun on Robinson.

There was clearly ample evidence to support the conviction of Clyde Smith for the charge of aggravated assault with brass knuckles, as well as the two counts of carrying a concealed weapon by a convicted felon. *See, e.g., Staten v. State,* 482 So. 2d 234, 234-35 (Miss. 1986). The trial judge was not in error, based on that evidence, in denying Smith's motion for new trial, and we affirm that decision.

IV.

Jerome "Pete" Smith's Separate Appeal

Pete Smith presents as his sole issue on appeal the sufficiency of the evidence to sustain his conviction for two counts of aggravated assault. As previously noted, we are reversing Smith's conviction on the count of the indictment concerning the use of a firearm for the reasons set forth in

Part III. A. of this opinion.

Therefore, this discussion is limited to the sufficiency of evidence as it relates to the aggravated assault charge involving brass knuckles. Essentially, in regard to that charge, Pete Smith argues that there was no evidence presented that he used the brass knuckles which injured Robinson.

On appeal from the denial of a motion for judgment notwithstanding the verdict, this Court reviews the sufficiency of the evidence in the "light most favorable to the State." *McClain v. State,* 625 So. 2d 774, 778 (Miss. 1993) (citations omitted). All credible evidence which is consistent with Smith's guilt "must be accepted as true," and the State is "given the benefit of all favorable inferences that may be reasonably drawn from the evidence." *Id.* (citations omitted). Because matters concerning the weight and credibility of the witnesses are resolved by the fact finder, this Court will reverse only where, "with respect to one or more of the elements of the offense charged, the evidence so considered is such that reasonable and fair-minded jurors could only find the accused not guilty." *Id.* (citations omitted).

The law is clear that two persons acting in concert to accomplish an unlawful purpose are each responsible for the acts of the other undertaken in furtherance of their mutual goal. *Gibbs v. State,* 223 Miss. 1, 77 So. 2d 705 (1955); *Forman v. State*, 220 Miss. 276, 70 So. 2d 848 (1954). The evidence in this case permitted a reasonable inference that the Smith brothers returned to the scene of Pete Smith's prior confrontation for the specific purpose of provoking a fight, and that Pete Smith knew that his brother, Clyde, was armed with brass knuckles which he was prepared to use in the contemplated altercation. There is competent evidence that, in fact, Clyde Smith did administer blows to the person of Robinson with the weapon in the fight that Pete Smith was instrumental in provoking. This is sufficient to sustain a conviction of Pete Smith for the acts of his brother. In *Robinson v. State*, the supreme court said that "it is well established that one who acts in concert with another in the perpetration of a robbery need not actually wield a weapon in order to be found guilty of armed robbery." *Robinson v. State,* 465 So. 2d 1065, 1070 (Miss. 1985). We find it equally clear that one who acts in concert with another in the perpetration of an assault need not actually wield a deadly weapon in order to be found guilty of aggravated assault. There is no basis to disturb the jury's verdict on this issue.

**THE JUDGMENT OF THE HUMPHREYS COUNTY CIRCUIT COURT OF CONVICTION OF CLYDE WENDELL SMITH OF COUNT I, AGGRAVATED ASSAULT AND COUNTS III AND IV, CARRYING A CONCEALED WEAPON BY A FELON, AND THREE CONSECUTIVE LIFE SENTENCES AS A HABITUAL OFFENDER IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. THE CONVICTION OF CLYDE WENDELL SMITH OF COUNT II, AGGRAVATED ASSAULT IS REVERSED AND RENDERED AND SENTENCE IS VACATED.**


**THE JUDGMENT OF THE HUMPHREYS COUNTY CIRCUIT COURT OF CONVICTION OF JEROME "PETE" SMITH OF COUNT I, AGGRAVATED ASSAULT, AND SENTENCE OF TEN YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, WITH TWO YEARS SUSPENDED, IS AFFIRMED. THE CONVICTION OF COUNT II, AGGRAVATED ASSAULT IS REVERSED AND**

**RENDERED AND SENTENCE IS VACATED.**

**COSTS OF THIS APPEAL ARE ASSESSED TO HUMPHREYS COUNTY.**

**FRAISER, C.J., BRIDGES AND THOMAS, P.JJ., BARBER, COLEMAN, DIAZ, KING, PAYNE, AND SOUTHWICK, JJ., CONCUR.**