594 So.2d 17 (1992)
Michael R. HUTCHINSON
v.
STATE of Mississippi.
No. 07-KA-59522.
Supreme Court of Mississippi.
January 22, 1992.
James G. Tucker, III, Bay St. Louis, for appellant.
Mike C. Moore, Atty. Gen., and Leyser Q. Morris, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before ROY NOBLE LEE, C.J., and ROBERTSON and McRAE, JJ.
ROBERTSON, Justice, for the Court:

I.
This appeal asks that we construe our criminal assault statute. Where the accused *18 wields what is indisputably a deadly weapon and intentionally strikes his victim, may he have the jury instructed on the lesser offense of simple assault, particularly where the injury inflicted was relatively slight? The statute sensitively read answers the question in the negative. We follow the statute and affirm.

II.
On the afternoon of October 9, 1987, John Ray Jewell, a thirty-two year old machine operator, found himself seated on a stool at Henley's Bar and Grill on Highway 603 in Hancock County, sipping suds and surveying several patrons shooting pool. Michael R. Hutchinson, thirty-three, was seated next to Jewell. A disturbance erupted outside, and Jewell went to the tavern door and found some teenagers "mixing it up a bit." Hutchinson, who was seated on Jewell's left, said "he would take care of it (the disturbance)," to which Jewell responded that "it was just kids." Hutchinson then said, "Well, do you want to start something with me?" Jewell said he did not. Hutchinson, however, bent forward, reached into his boot, rushed toward Jewell and swung a fillet knife, cutting Jewell on the ring finger of his left hand. Hutchinson told Jewell he would cut his throat if he told anyone about it. Meanwhile, the tavern owner had stepped outside to investigate the disturbance there, and upon returning, found Jewell holding his hand with "blood all over the place."
On February 1, 1988, the grand jury of Hancock County returned an indictment charging Michael R. Hutchinson with aggravated assault upon John R. Jewell. Miss. Code Ann. § 97-3-7(2) (Supp. 1987). In due course, the case was called for trial, and on May 9, 1988, the jury returned a verdict that Hutchinson was guilty as charged. The Circuit Court sentenced Hutchinson to seven years imprisonment.
Hutchinson now appeals to this Court.

III.
The only serious question presented is whether Hutchinson was entitled to have the jury consider whether he may have been guilty of the lesser offense of simple assault. Miss. Code Ann. § 97-3-7(1) (Supp. 1987). The matter is of consequence for, if Hutchinson had been found guilty of simple assault, the maximum term of imprisonment to which he may have been subjected was six months. See Mackbee v. State, 575 So.2d 16, 22 (Miss. 1990) (citing cases).
Our rule regarding the circumstances wherein an accused is entitled to have the jury pass on a lesser offense is well settled. For example, we held in Harper v. State, 478 So.2d 1017 (Miss. 1985), that
[A] lesser included offense instruction should be granted unless the trial judge  and ultimately this Court  can say, taking the evidence in the light most favorable to the accused, and considering all reasonable favorable inferences which may be drawn in favor of the accused from the evidence, that no reasonable jury could find the defendant guilty of the lesser included offense (and conversely not guilty of at least one essential element of the principal charge).
Harper, 478 So.2d at 1021; see also, Mackbee v. State, 575 So.2d at 22-24; Mease v. State, 539 So.2d 1324, 1330 (Miss. 1989); Griffin v. State, 533 So.2d 444, 447 (Miss. 1988); Fairchild v. State, 459 So.2d 793, 801 (Miss. 1984).
We have applied this view in a number of assault cases, holding, on discrete facts presented, an accused on trial for aggravated assault may have the jury consider the lesser offense of simple assault. See, e.g., Taylor v. State, 577 So.2d 381, 383-84 (Miss. 1991); Robinson v. State, 571 So.2d 275, 276-77 (Miss. 1990); Griffin v. State, 540 So.2d 17, 21 (Miss. 1989); Lee v. State, 469 So.2d 1225, 1230-32 (Miss. 1985). But this does not mean that in every case of aggravated assault the accused is entitled to a lesser offense instruction. In cases too numerous to cite, we have reiterated that whether the lesser offense instruction should be given turns on whether there is an evidentiary basis therefor. See, e.g., Ruffin v. State, 444 So.2d 839, 840-41 (Miss. 1984). This question in turn implicates the statutory language, for whether the evidence is such that a reasonable jury may have found the lesser offense of simple *19 assault may only be answered when we have well in mind what that offense entails.
Hutchinson has been charged, tried and convicted of aggravated assault. There is no natural law of assault. The positive law delineates proscribed conduct and in the present setting provides, in relevant part:
A person is guilty of aggravated assault if he ... attempts to cause or purposely or knowingly causes bodily injury to another with a deadly weapon or other means likely to produce death or serious bodily harm; ... .
Miss. Code Ann. § 97-3-7(2)(b).[1] There is substantial evidence that Hutchinson did this. The question is whether there is also evidence from which the jury may have found Hutchinson guilty of simple assault, an offense defined in relevant part as follows:
A person is guilty of simple assault if he attempts to cause or purposely, knowingly or recklessly causes bodily injury to another; ... .
Miss. Code Ann. § 97-3-7(1) (Supp. 1987).[2]
From the language of these statutes, it becomes apparent that aggravated assault is a carbon copy of simple assault, with the exception that aggravated assault has added the words "... with a deadly weapon... ." This suggests a statutory scheme where conduct which is simple assault under Section 97-3-7(1)(a) becomes aggravated assault under Section 97-3-7(2)(b) when done "with a deadly weapon." The scheme is completed when we realize that a subsequent subsection of the simple assault definition includes the negligent injury to another with a deadly weapon. Miss. Code Ann. § 97-3-7(1)(b) (Supp. 1987). No evidence suggests or even hints that Hutchinson acted negligently.[3]
We have examined the knife in issue. It is described as a fillet knife. It is some eleven and a half inches in length, with its blade some six inches long. We have held in assault cases whether the instrumentality of attack is a deadly weapon within the statute is a question for the jury, Jackson v. State, 594 So.2d 20, 24 (Miss. 1992); Shanklin v. State, 290 So.2d 625, 627 (Miss. 1974), but this rule is in part a function of the fact that there is no such thing *20 as a directed verdict for the prosecution in a criminal case. Fairchild v. State, 459 So.2d 793, 800-01 (Miss. 1984). Having in mind our standards articulated above, we hold no fair-minded and properly instructed jury could fail to find Hutchinson's knife was a deadly weapon. This, of course, means only that the evidence was sufficient that the verdict of guilty of aggravated assault must be affirmed and does not otherwise carry us far.
The question is whether the statutory scheme precludes an intentional assault with a knife such as that used here ever being simple assault. We think it does, and nothing in Lenard v. State, 552 So.2d 93, 98 (Miss. 1989), intimates the contrary. In its definitions, the statute draws a distinction between intentionally inflicted bodily injury, which is simple assault, and a like, intentionally inflicted injury "with a deadly weapon," which is defined as aggravated assault. The further distinction between negligently inflicted injuries with a deadly weapon, which are simple assaults, and intentionally inflicted bodily injuries with a deadly weapon, which are aggravated assaults, confirms this view. Hutchinson's use of this knife takes the case out of Section 97-3-7(1)(a) simple assault, and, as noted above, his deliberate wielding of the knife removes the case from Section 97-3-7(1)(b) simple assault.
We are not unaware of the fact that some might characterize Jewell's injury as minor. He was cut on the ring finger of his left hand. There is evidence that he bled profusely, that he had difficulty stopping the bleeding, and that he continued through the time of trial to suffer pain and numbness from injury to the finger. Still, some may call this a minor injury. In Harbin v. State, 478 So.2d 796, 800 (Miss. 1985), we relied on the fact that the victim was substantially injured in supporting the view that this case could only be one for aggravated assault. The converse does not follow, i.e., just because the injuries may be characterized as slight does not mean the case is automatically one of simple assault. Rather, here, as always, the offense is defined by statute, and we take the statute as the legislature has given us and read it as fairly and sensibly as we may. We hold that the Circuit Court was correct when it refused Hutchinson's request for a lesser offense instruction on simple assault.

IV.
Hutchinson presents two other issues, neither of which merit either discussion or reversal. Turner v. State, 573 So.2d 1340, 1343 (Miss. 1990); Saucier v. State, 562 So.2d 1238 (Miss. 1990); Morea v. State, 329 So.2d 527 (Miss. 1976).
CONVICTION OF AGGRAVATED ASSAULT AND SENTENCE OF SEVEN YEARS IMPRISONMENT AFFIRMED.
ROY NOBLE LEE, C.J., HAWKINS, P.J., and PRATHER, SULLIVAN, PITTMAN, BANKS and McRAE, JJ., concur.
DAN M. LEE, P.J., dissents without written opinion.
NOTES
[1] Section 97-3-7(2) in its entirety reads:

A person is guilty of aggravated assault if he (a) attempts to cause serious bodily injury to another, or causes such injury purposely, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life; or (b) attempts to cause or purposely or knowingly causes bodily injury to another with a deadly weapon or other means likely to produce death or serious bodily harm; and, upon conviction, he shall be punished by imprisonment in the county jail for not more than one (1) year or in the penitentiary for not more than twenty (20) years. Provided, however, a person convicted of aggravated assault upon a law enforcement officer or fireman while such law enforcement officer or fireman is acting within the scope of his duty and office shall be punished by a fine of not more than five thousand dollars ($5,000.00) or by imprisonment for not more than thirty (30) years, or both.
[2] Section 97-3-7(1) in its entirety reads:

A person is guilty of simple assault if he (a) attempts to cause or purposely, knowingly or recklessly causes bodily injury to another; or (b) negligently causes bodily injury to another with a deadly weapon or other means likely to produce death or serious bodily arm; or (c) attempts by physical menace to put another in fear of imminent serious bodily harm; and, upon conviction, he shall be punished by a fine of not more than five hundred dollars ($500.00) or by imprisonment in the county jail for not more than six (6) months, or both. Provided, however, a person convicted of simple assault upon a law enforcement officer or fireman while such law enforcement officer or fireman is acting within the scope of his duty and office shall be punished by a fine of not more than one thousand dollars ($1,000.00) or by imprisonment for not more than five (5) years, or both.
[3] Hutchinson's claim is that he did not act at all. He denied the assault upon Jewell. The present position is an alternative one, to-wit: that if the jury disbelieved his denials and if we take the facts as presented by the prosecution, on that scenario, he was entitled to have the jury consider whether those facts constitute simple assault. Without doubt, he has standing to raise the point. Nothing in our criminal procedural jurisprudence precludes a defendant arguing such alternative positions. The question is whether under the standard noted above, the evidence was such that the simple assault instruction should have been given. See Taylor v. State, 577 So.2d at 383-84; Mackbee v. State, 575 So.2d at 23; Boyd v. State, 557 So.2d 1178, 1182 (Miss. 1990).