CARLTON, J.,
dissenting:
¶ 45. I respectfully dissent on due-process grounds. The State indicted Edwards in this case on a charge of simple assault on a law enforcement officer, and the majority affirms the judgment of the trial court wherein Edwards was convicted of resisting arrest, a nonindicted, lesser-related charge. I submit that the trial court erred as a matter of law by instructing the jury that it could consider a nonin-cluded, lesser-related offense at the request of the State.
¶ 46. The majority treats the resisting-arrest offense as a lesser-included offense of the principal indicted charge of simple assault on a law enforcement officer. I submit, however, that resisting arrest constitutes a lesser-related, but not a lesser-included, offense of that principal charge because resisting arrest requires proof of an element not contained in the indicted principal charge of simple assault on a law enforcement officer. I agree that the record contains evidence of the offense of resisting arrest, but the State failed to indict Edwards on that charge or on a principal charge containing that offense as a lesser-included offense. Therefore, the case law reflects that since evidence was presented on the lesser-related, but not included, charge of resisting arrest, then Edwards could request the lesser-related-offense instruction, thereby waiving his right to due-process notice of the offenses charged against him.[4]
¶ 47. I respectfully dissent since it was the State in this case, not Edwards, that requested the lesser-nonincludéd offense instruction on resisting arrest, which was *116 related but not included in the indicted offense of simple assault on a law enforcement officer. See Gause v. State, 65 So.3d 295, 301-02 (¶ 20) (Miss.2011) (defendant’s request for a lesser-nonincluded-offense instruction serves as a waiver of his right to notice of charges against him). The State may only request that instructions be given on the indicted offenses and any lesser-included offenses. Id. at 301 (¶ 19); see also Miss.Code Ann. § 99-19-5(1) (Rev. 2007) (providing for the instruction of the jury on lesser-included offenses); Williams v. State, 53 So.3d 734, 740-41 (¶ 32) (Miss.2010) (citing Brooks v. State, 18 So.3d 833, 839-40 (¶ 27) (Miss.2009), for the holding that a defendant is entitled to obtain an instruction on a lesser-noninclud-ed offense where the lesser-nonincluded offense arises from the same operative facts as the indicted charge and has an evidentiary basis).
¶ 48. The Mississippi Supreme Court provided in Williams, 53 So.3d at 740-41 (¶ 32), that a lesser-nonincluded offense was also referred to as “a lesser offense.” The Williams court further explained, citing Moore v. State, 799 So.2d 89, 91 (¶ 7) (Miss.2001), that “[i]f a lesser offense, as opposed to a lesser-included offense, arises from the same operative facts and has an evidentiary basis, ... the defendant is entitled to an instruction for the lesser charge....” Id. In addition, the Williams court clarified that the “defendant” possesses the right to request a lesser-offense instruction that arose from the common nucleus of operative facts, particularly where a great disparity exists in the respective sentences. Id. at (¶¶ 32-33).[5] However, the court in Gause v. State, 65 So.3d 295, 301-02 (¶¶ 20-22) (Miss.2011), clearly held that the State possesses no similar right to request an instruction on a related but nonincluded offense and that giving such an instruction at the request of the State would be prohibited on due-process grounds.
¶ 49. Due process requires that a defendant be given notice prior to trial of the indicted charges against him. See Miss. Code Ann. § 99-19-5(1); URCCC 7.06; Gause, 65 So.3d at 301-02 (¶¶ 20-22). Such notice enables the defendant to prepare a defense as to those indicted charges and any lesser-included offenses. The notice provided by the indictment also protects the defendant against double jeopardy for the indicted charge and its lesser-included offenses. Under Mississippi precedent a criminal defendant may waive his due-process rights and request, a lesser-nonincluded-offense instruction if some evidence exists to support such a lesser-nonincluded-offense instruction^ Gause, 65 So.3d at 301-02 (¶¶ 20-22); Williams, 53 So.3d at 740-41 (¶¶ 32-33). However, the State may not waive the defendant’s due-process right to notice by obtaining a lesser-nonincluded instruction on a related offense that was not included in the notice provided by the indictment. See Miss. Code Ann. § 99-19-5(1) (indictment provides notice of indicted offenses and lesser-included offenses). The indictment provides the defendant notice of the charged offenses against him, informing him of the potential jeopardy he is to face at trial.
¶ 50. The majority relies on Buchanan v. State, 84 So.3d 812, 815 (¶ 8) (Miss.Ct.App.2011), to support its affirmance of Edwards’s conviction for resisting arrest even though Edwards was indicted for simple assault on a police officer. I respectfully *117 submit that resisting arrest is not a lesser-included offense of simple assault on a police officer. The offenses addressed in Buchanan differ from the offenses in this case in that the offenses there constituted lesser-included offenses, and the lesser-included offenses contained no elements not in the greater offense. In Buchanan the defendant was indicted for the principal offense of aggravated assault on a peace officer. Id. at 818 (¶ 1). The Court found that simple assault on a peace officer and misdemeanor simple assault were lesser-included offenses of the greater principal charge of aggravated assault on a peace officer. Id. at 818-19 (¶¶ 15, 20). The lesser offenses in Buchanan contained no additional element not already present in the principal indicted charge and, therefore, constituted lesser-included offenses. Id. at 816-19 (¶¶ 10-11, 20). Such is not the case before us now because the lesser-nonincluded offense of resisting arrest contains additional elements distinct from the elements required to prove the principal indicted charge of simple assault on a law enforcement officer.[6]
¶51. Resisting arrest fails to constitute a lesser-included offense of the indicted charge herein because resisting arrest requires proof of an additional element not included in the indicted offense. See Miss.Code Ann. § 97-9-73 (Rev.2006) (defining resisting arrest and its elements). In this case the facts reflect that after a law enforcement officer told Edwards that he was placing Edwards under arrest, Edwards engaged in a scuffle and swung and struck the officer in the face. Edwards was charged by law enforcement with both resisting arrest and simple assault on a law enforcement officer, but the State charged Edwards in the indictment with only simple assault on a law enforcement officer. The facts show evidence of both offenses arising out of this incident, but as discussed, resisting arrest requires an additional element not found in the assault charge set forth in the indictment. An offense is a lesser-included offense if an accused could not be guilty of the offense for which indicted without also being guilty of the lesser-included offense. See Payton v. State, 642 So.2d 1328, 1334 (Miss.1994); Barber v. State, 743 So.2d 1054, 1057 (¶11) (Miss.Ct.App.1999) (Southwick, P.J., dissenting). An accused could be guilty of simple assault on a law enforcement officer without being guilty of resisting arrest. In the cases where error occurred for failure to instruct on the lesser offense of resisting arrest, the defendant, not the State, requested the instruction, and the evidence in the case supported the instruction.[7] In this case the evidence would have supported the instruction, but Edwards asserted no request for an instruction on the lesser-related offense of resisting arrest. The indictment failed to provide notice to Edwards of a prosecution on the charge of resisting arrest.
*118 ¶ 52. In summary, I respectfully dissent on due-process grounds because the State, not Edwards, requested the lesser-nonin-cluded-offense instruction of resisting arrest when the State indicted Edwards for the distinct offense of simple assault on a law enforcement officer. Due process entitled Edwards to pretrial notice of the charges against him, informing him of the potential jeopardy he faced, providing the ability to defend against those charges, and providing protection from double jeopardy. I would therefore reverse and remand for a new trial because Edwards’s substantial rights were prejudiced by the lack of pretrial notice of the charges to be tried against him.

. See Jones v. State, 798 So.2d 1241, 1253-54 (¶¶ 36-41) (Miss.2001), McDonald v. State, 784 So.2d 261, 264 (¶ 11) (Miss.Ct.App.2001), and Clayborne v. State, 739 So.2d 495, 497 (¶ 8) (Miss.Ct.App.1999), for examples of cases finding error for the refusal of the defense’s request for an instruction on the offense of resisting arrest as a lesser offense. See also Gause v. State, 65 So.3d 295, 301 (¶¶ 17-19) (Miss.2011), and Payton v. State, 642 So.2d 1328, 1334 (Miss.1994), which address lesser-included offenses.

. See also URCCC 7.06 (providing that "[t]he indictment upon which the defendant is to be tried shall be a plain, concise and definite written statement of the essential facts constituting the offense charged and shall fully notify the defendant of the nature and cause of the accusation”).

. See Blockburger v. United States, 284 U.S. 299, 304, 52 S.Ct. 180, 76 L.Ed. 306 (1932) ("The applicable rule is that, where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not.”); Miss.Code Ann. § 99-19-5(1) (providing for the instruction of the jury on lesser-included offenses, the commission of which are "necessarily included in the offense with which [the defendant] is charged in the indictment, ... without any additional count in the indictment for that purpose”).

. See Jones, 798 So.2d at 1253 (¶ 36), McDonald, 784 So.2d at 263-64 (¶ 7), and Clayborne, 739 So.2d at 496-97 (¶¶5-6, 8), for examples of cases where the defendant requested the resisting-arrest instruction.