# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2012-KA-01044-COA

DETRICK DEWAYNE HARRIS A/K/A DETRICK          APPELLANT
HARRIS A/K/A DETRICK D. HARRIS

v.

STATE OF MISSISSIPPI                                   APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 06/13/2012 |
| TRIAL JUDGE: | HON. WINSTON L. KIDD |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | OFFICE OF STATE PUBLIC DEFENDER BY: GEORGE T. HOLMES |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: JEFFREY A. KLINGFUSS |
| DISTRICT ATTORNEY: | ROBERT SHULER SMITH |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| TRIAL COURT DISPOSITION: | CONVICTED OF COUNT I, BURGLARY OF A DWELLING, AND SENTENCED, AS A HABITUAL OFFENDER, TO LIFE; COUNT II, ARMED ROBBERY, AND SENTENCED, AS A HABITUAL OFFENDER, TO LIFE; COUNT III, AUTOMOBILE THEFT, AND SENTENCED, AS A HABITUAL OFFENDER, TO LIFE; AND COUNT IV, FELON IN POSSESSION OF A WEAPON, AND SENTENCED, AS A HABITUAL OFFENDER, TO LIFE; WITH ALL THE SENTENCES TO RUN CONSECUTIVELY, IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, WITHOUT ELIGIBILITY FOR PAROLE OR PROBATION |

DISPOSITION:                    AFFIRMED IN PART, REVERSED AND
                                RENDERED IN PART – 09/09/2014
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**BEFORE IRVING, P.J., ISHEE AND ROBERTS, JJ.**

**IRVING, P.J., FOR THE COURT:**

¶1.     A Hinds County jury convicted Detrick Dewayne Harris of burglary of a dwelling,

armed robbery, automobile theft, and possession of a weapon by a convicted felon.  The

circuit court sentenced Harris, as a habitual offender, to four consecutive life sentences, one

for each count, all in the custody of the Mississippi Department of Corrections, without

eligibility for parole.  Feeling aggrieved, Harris appeals and argues that the evidence is

insufficient to sustain his armed-robbery and felon-in-possession-of-a-weapon convictions.

¶2.     Finding that the evidence is sufficient to sustain Harris's armed-robbery conviction,

we affirm.  However, because we find the evidence insufficient to sustain Harris's felon-in-

possession-of-a-weapon conviction, we reverse and render this conviction.

FACTS

¶3.     A Hinds County grand jury indicted Harris on four different counts.  The indictment,

in pertinent part, reads:

> Detrick Harris . . . did willfully, unlawfully, and feloniously attempt to take or
> take from the person or from the presence of Clyde Rogers certain personal
> property, to-wit: a purse and its contents, or any property, the personal
> property of Clyde Rogers, and against the will of Clyde Rogers by violence to
> his/her person or putting such person in fear of immediate injury to his/her
> person by exhibition of a deadly weapon, to wit, a butcher knife, in violation
> of Mississippi Code Annotated § 97-3-79 [(Rev. 2006)], as amended,

2

\*\*\*\*

did willfully, unlawfully, have in his/her possession a certain deadly weapon, to-wit: a butcher knife, he[,] the said Detrick Harris, having been previously convicted of a felony, to wit: the crime of [r]obbery in the Circuit Court of Lauderdale County, Mississippi[.]

Harris filed a motion to dismiss the armed-robbery and felon-in-possession-of-a-weapon charges in the indictment, alleging that the knife that the State intended to introduce as evidence of the armed-robbery and felon-in-possession-of-a-weapon charges is merely a kitchen steak knife, which does not constitute a deadly weapon pursuant to Mississippi Code Annotated section 97-3-79 (Rev. 2006) or a butcher knife pursuant to Mississippi Code Annotated section 97-37-5(1) (Supp. 2013). The circuit court denied the motion, stating that it would allow the jury to decide whether or not the defendant used a deadly weapon or butcher knife in the commission of the crimes. During trial, after the State rested its case, Harris moved for a directed verdict, alleging again that the knife introduced into evidence was not a butcher knife or a deadly weapon, and that the armed-robbery and felon-in-possession-of-a-weapon charges must be dismissed. The circuit court denied Harris's motion.

¶4.     Additional facts, as necessary, will be related in the analysis and discussion of the issues.

ANALYSIS AND DISCUSSION OF THE ISSUES

¶5.     "[I]n considering whether the evidence is sufficient to sustain a conviction . . . the critical inquiry is whether the evidence shows beyond a reasonable doubt that [the] accused

3

committed the act charged, and that he did so under such circumstance that every element of the offense existed[.]" *Bush v. State*, 895 So. 2d 836, 843 (¶16) (Miss. 2005) (internal quotation marks omitted). The evidence is viewed in the light most favorable to the prosecution. *Id.*

### I. Armed-Robbery Conviction

¶6. Harris argues that the evidence is insufficient to support his armed-robbery conviction because the State failed to prove that he exhibited a butcher knife, as alleged in the indictment, when he robbed the victim. More specifically, Harris claims that the knife in question is a kitchen steak knife, not a butcher knife. Section 97-3-79 provides:

> Every person who shall feloniously take or attempt to take from the person or from the presence the personal property of another and against his will by violence to his person or by putting such person in fear of immediate injury to his person by the exhibition of a deadly weapon shall be guilty of robbery[.]

The jury here was given the following instruction:

> A deadly weapon may be defined as any object, article[,] or means which, when used as a weapon[,] is, under the existing circumstances[,] reasonably capable of or likely to produce death or serious bodily harm to a human being upon whom the object, article[,] or means is used as a weapon.

The language in section 97-3-79 provides that a person is guilty of armed robbery when he exhibits any deadly weapon during the commission of the robbery. Harris's argument—that he cannot be found guilty of armed robbery because the knife involved was not one of the knives prohibited by section 97-37-5(1)—is misplaced for two reasons. First, the armed-robbery statute (section 97-3-79) is not tethered to section 97-37-5(a), which is the statute that prohibits a convicted felon from possessing a firearm or certain kinds of knives. Second,

4

even if it were, nothing in section 93-37-5(1) precludes a finding that the knives enumerated therein are deadly weapons within the meaning of section 97-3-79. The knife that the State submitted as evidence— whether it is a butcher knife, steak knife, paring knife, or some other kind of knife—could likely produce death or serious bodily harm to a human being if used as a weapon. Therefore, the evidence is sufficient to support Harris's armed-robbery conviction, and this issue is without merit.

## II. Felon-in-Possession-of-a-Weapon Conviction

¶7.     Harris claims that the evidence is insufficient to sustain his felon-in-possession-of-a-weapon conviction because the knife used during the commission of the crime is not prohibited under section 97-37-5(1). More specifically, as stated, Harris claims that the knife is not a butcher knife. Section 97-37-5(1), in pertinent part, provides, "It shall be unlawful for any person who has been convicted of a felony under the laws of this state, any other state, or of the United States to possess any firearm or any bowie knife, dirk knife, butcher knife, [or] switchblade knife[.]"

¶8.     The State claims that the knife should be considered a butcher knife, as it can be used for cutting or trimming meat. As noted by the separate opinion, the trial court, upon objection by the defense, refused a State instruction that would have informed the jury "that a butcher knife is defined as a large sharp knife for cutting or trimming meat." While the defense may not complain on appeal about the failure to give a jury instruction that he objected to at trial, we note that is not the case here. Harris does not question the giving or refusing of any jury instructions, and our holding is not based on jury-instruction error. The

5

question here is not whether the jury instructions were insufficient, but instead whether the evidence, no matter the instructions, was sufficient for a jury to find that the knife at issue was a butcher knife, as Harris's objection to the jury instruction did not diminish the State's evidence or lessen its burden of proof.

¶9. As stated, Harris argues here, as he did in the trial court, that the evidence is insufficient to support a finding that the knife in question is a butcher knife. Therefore, as this Court did in *Summerall v. State*, 41 So. 3d 729 (Miss. Ct. App. 2010), where the question was whether the evidence supported a finding that the knife in question was a dirk knife, we review the evidence to determine if it is sufficient to support a finding that the knife involved is one that is proscribed by section 97-37-5.

¶10. As to the State's argument that the knife involved should be considered a butcher knife because it can be used for cutting and trimming meat, we note that can be said with respect to almost any knife. Based on Harris's indictment, the State was required to prove that Harris possessed a butcher knife. "The type of weapon a felon is alleged to have possessed is unquestionably an essential and material element of the crime of being a felon in possession of a prohibited weapon." *Thomas v. State*, 126 So. 3d 877, 879-80 (¶8) (Miss. 2013). A butcher knife has been defined in various ways, including (1) as "a heavy[-]duty knife[,] usually six to eight inches long having a broad rigid blade that curves slightly at the tip," WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 304 (2002); and (2) as "a large, very sharp knife for cutting or trimming meat." WEBSTER'S ENCYCLOPEDIC UNABRIDGED DICTIONARY OF THE ENGLISH LANGUAGE 201 (1989). The knife at issue in this case (see

6

appendix) does not fit either definition of a butcher knife, as it is not large or heavy duty and does not have a broad blade that curves slightly at the tip. We cannot ascertain from the picture whether the blade is rigid, but it does not appear to be so.

¶11.　On the evidence presented, we are compelled to conclude that the State did not meet its burden of proving beyond a reasonable doubt that the knife is a butcher knife. Therefore, Harris's felon-in-possession-of-a-weapon conviction is reversed and rendered.

¶12.　**THE JUDGMENT OF THE HINDS COUNTY CIRCUIT COURT OF CONVICTION OF COUNT I, BURGLARY OF A DWELLING, AND SENTENCE, AS A HABITUAL OFFENDER, OF LIFE; CONVICTION OF COUNT II, ARMED ROBBERY, AND SENTENCE, AS A HABITUAL OFFENDER, OF LIFE; AND CONVICTION OF COUNT III, AUTOMOBILE THEFT, AND SENTENCE, AS A HABITUAL OFFENDER, OF LIFE, WITH THE SENTENCES TO RUN CONSECUTIVELY, ALL IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, WITHOUT ELIGIBILITY FOR PAROLE, IS AFFIRMED. THE CONVICTION OF COUNT IV, FELON IN POSSESSION OF A WEAPON, AND SENTENCE, AS A HABITUAL OFFENDER, OF LIFE, IS REVERSED AND RENDERED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO HINDS COUNTY.**

　　**LEE, C.J., GRIFFIS, P.J., BARNES, ISHEE, ROBERTS, MAXWELL AND FAIR, JJ., CONCUR. JAMES, J., CONCURS IN PART WITHOUT SEPARATE WRITTEN OPINION. CARLTON, J., CONCURS IN PART AND DISSENTS IN PART WITH SEPARATE WRITTEN OPINION, JOINED IN PART BY JAMES, J.**

Appendix



8

**CARLTON, J., CONCURRING IN PART AND DISSENTING IN PART:**

¶13.    I dissent in part and concur in part with the majority's opinion because I would affirm Harris's convictions for armed robbery and possession of a weapon by a convicted felon.[1] I respectfully submit that the circuit court properly instructed the jury regarding the determination of whether Harris possessed a butcher knife since such a determination constitutes a question of fact.[2] In addition, the record contains sufficient evidence to support the circuit court's submission of both Harris's armed-robbery offense and his offense for possession of a weapon by a convicted felon to the jury for determination.[3]

¶14.    In reviewing this case on appeal, we must be mindful that jury instructions are to be reviewed as a whole. *See Newell v. State*, 49 So. 3d 66, 73 (¶20) (Miss. 2010). Even though Harris objected at trial to the State's proposed instruction that would have provided the jury with a specific definition of a butcher knife, the circuit court still instructed the jury that it had to determine whether the knife Harris used constituted a deadly weapon reasonably

---

[1] *See* Miss. Code Ann. § 97-3-79 (Rev. 2006) (discussing the offense of armed robbery); Miss. Code Ann. § 97-37-5 (Rev. 2006) (discussing the offense of possession of a weapon by a convicted felon, which prohibits a convicted felon from possessing "any firearm or any bowie knife, dirk knife, butcher knife, switchblade knife, metallic knuckles, blackjack, or any muffler or silencer for any firearm").

[2] *See generally Buchanan v. State*, 84 So. 3d 812, 817 (¶12) (Miss. Ct. App. 2011) (recognizing that the jury determines questions of fact).

[3] *See Hooker v. State*, 716 So. 2d 1104, 1117 (¶¶58-60) (Miss. 1998) (recognizing that the State must prove the defendant's guilt by presenting evidence to satisfy each element of the crime charged, that the State must prove all elements of the crime beyond a reasonable doubt, and that an instruction is not submitted to the jury unless the record contains an evidentiary basis of at least a preponderance of the evidence to support such an instruction).

9

capable of producing death or serious bodily harm.[4]

¶15.    After considering the evidence and the circuit court's instructions, the jury determined that Harris used the knife in his possession as a deadly weapon. The jury also found Harris guilty of armed robbery and, in so doing, found that Harris placed the victim, Rogers, "in fear of immediate injury to [her] person by the exhibition of a deadly weapon, to wit, a butcher knife . . . ." In convicting Harris for armed robbery, the jury's determination that the knife constituted a deadly weapon was consistent with its determination that the knife constituted a butcher knife with regard to Harris's conviction for possession of a weapon by a convicted felon.

¶16.    As previously stated, the record reflects that the State tendered a proposed jury instruction that defined a butcher knife. The defense, however, objected to the instruction and asserted that no need existed to instruct jurors as to a specific definition of a butcher knife since the definition constituted a question of fact for the jurors to determine. After considering the defense's objection, the circuit court judge refused the State's instruction defining a butcher knife.

_____

[4] As reflected in the record, jury instruction number 16 stated the following:

The [c]ourt instructs the jury that it is a question of fact for you to determine whether the knife claimed to have been used by the [D]efendant was a deadly weapon in the manner claimed to have been used in this case.

A deadly weapon may be defined as any object, article[,] or means which, when used as a weapon under the existing circumstances[,] is reasonably capable of producing or likely to produce death or serious bodily harm to a human being upon whom the object, article[,] or means is used.

10

¶17.    The record reflects that the defense failed to preserve for appeal any objection or assignment of error relating to the lack of a specific definition for a butcher knife.[5]   In addition, since the defense objected at trial to any specific definition of a butcher knife, I respectfully submit that the defense may not complain about the lack of such an instruction on appeal.   Harris's argument asserting error due to the failure to give an instruction with a more specific definition of a butcher knife lacks merit.

¶18.    On appeal, Harris contends that the evidence is insufficient to sustain his conviction for possession of a weapon by a convicted felon.[6]   As this Court has previously recognized:

---

[5] *See Byrom v. State*, 863 So. 2d 836, 853 (¶35) (Miss. 2003) ("Our law is clear that an appellant must present to us a record sufficient to show the occurrence of the error he asserts and also that the matter was properly presented to the trial court and timely preserved." (citations omitted)).

[6] At trial the circuit court judge gave jury instruction number 15, which stated:

The [c]ourt instructs the [j]ury that if you believe from the evidence in this case, beyond a reasonable doubt, that:

    (1)     On or about the 3rd of May, 2007, in the 1st Judicial District of Hinds [C]ount[y], Mississippi;

    (2)     the [D]efendant, Detrick Harris, did willfully, unlawfully, feloniously[,] and knowingly have in his possession;

    (3)     a weapon, to wit: a butcher knife[; and]

    (4)     has been convicted of a felony;

then you shall find Detrick Harris guilty of [p]ossession of a [w]eapon by a [c]onvicted [f]elon.

When considering a challenge to the sufficiency of the evidence, we weigh the evidence in the light most favorable to the verdict. We will not reverse a jury verdict unless convinced the circuit court abused its discretion by denying a new trial, or the final verdict results in an unconscionable injustice.

*Summerall v. State*, 41 So. 3d 729, 733 (¶11) (Miss. Ct. App. 2010) (internal citations and quotation marks omitted). In addition, our caselaw "is well settled that jury instructions generally are within the discretion of the trial court" and that this Court reviews any alleged error in jury instructions for abuse of discretion. *Newell*, 49 So. 3d at 73 (¶20).

¶19. I submit that an application of our relevant standards of review requires that we affirm Harris's convictions. The record reflects that the State presented sufficient evidence at trial to submit to the jury the determination of whether Harris used a butcher knife to commit the offense of possession of a weapon by a convicted felon.[7] As acknowledged by both the circuit court judge and the trial attorneys, the determination of whether the knife at issue constituted a butcher knife was a question of fact for the jury. Further, the record reflects sufficient evidence to submit this factual question to the jury. After considering the evidence, the jurors not only determined that the knife constituted a deadly weapon reasonably capable of placing Rogers in fear of immediate death or serious bodily injury, but they also determined that the knife constituted a butcher knife.

¶20. Based on the foregoing, I would affirm Harris's convictions for both armed robbery

---

If the [S]tate has failed to prove any or all of the elements of the crime of [p]ossession of a [w]eapon while being a [c]onvicted [f]elon, then you should return a verdict of not guilty on this charge.

[7] *See Hooker*, 716 So. 2d at 1117 (¶¶58-60).

12

and possession of a weapon by a convicted felon.  Therefore, I respectfully dissent in part from the majority's opinion.

**JAMES, J., JOINS THIS OPINION IN PART.**