*197 CARLTON, J.,
concurring in part and dissenting in part: .
¶ 13. I dissent in part and concur in part with the majority’s opinion because I would affirm Harris’s convictions for armed robbery and possession of a weapon by a convicted felon.[1] I respectfully submit that the circuit court properly instructed the jury regarding the determination of whether Harris possessed a butcher knife since such a determination constitutes a question of fact.[2] In addition, the record contains sufficient evidence to support the circuit court’s submission of both Harris’s armed-robbery offense and his offense for possession of a weapon by a convicted felon to the jury for determination.[3]
¶ 14. In reviewing this case on appeal, we must be mindful that jury instructions are to be reviewed as a whole. See Newell v. State, 49 So.3d 66, 73 (¶ 20) (Miss.2010). Even though Harris objected at trial to the State’s proposed instruction that would have provided the jury with a specific definition of a butcher knife, the circuit court still instructed the jury that it had to determine whether the knife Harris used constituted a deadly weapon reasonably capable of producing death or serious bodily harm.[4]
¶ 15. After considering the evidence and the circuit court’s instructions, the jury determined that Harris used the knife in his possession as a deadly weapon. The jury also found Harris guilty of armed robbery and, in so doing, found that Harris placed the victim, Rogers, “in fear of immediate injury to [her] person by the exhibition of a deadly weapon, to wit, a butcher knife.... ” In convicting Harris for armed robbery, the jury’s determination that the knife constituted a deadly weapon was consistent with its determination that the knife constituted a butcher knife with regard to Harris’s conviction for possession of a weapon by a convicted felon.
¶ 16. As previously stated, the record reflects that the State tendered a proposed jury instruction that defined a butcher knife. The defense, however, objected to the instruction and asserted that no need existed to instruct jurors as to a specific definition of a butcher knife since the definition constituted a question of fact for the jurors to determine. After considering the defense’s objection, the circuit court judge *198 refused the State’s instruction defining a butcher knife.
¶ 17. The record reflects that the defense failed to preserve for appeal any objection or assignment of error relating to the lack of a specific definition for a butcher knife.[5] In addition, since the defense objected at trial to any specific definition of a butcher knife, I respectfully submit that the defense may not complain about the lack of such an instruction on appeal. Harris’s argument asserting error due to the failure to give an instruction with a more specific definition of a butcher knife lacks merit.
¶ 18. On appeal, Harris contends that the evidence is insufficient to sustain his conviction for possession of a weapon by a convicted felon.[6] As this Court has previously recognized:
When considering a challenge to the sufficiency of the evidence, we weigh the evidence in the light most favorable, to the verdict. ' We will not reverse a jury verdict unless convinced the circuit court abused its discretion by denying a new trial, or the final verdict results in an unconscionable injustice.
Summerall v. State, 41 So.3d 729, 733 (¶ 11) (Miss.Ct.App.2010) (internal citations and quotation marks omitted). In addition, our caselaw “is well settled that jury instructions generally are within the discretion of the trial court” and that this Court reviews any alleged error in jury instructions for abuse of discretion. Newell, 49 So.3d at 73 (¶ 20).
¶ 19. I submit that an application of our relevant standards of review requires that we affirm Harris’s convictions. The record reflects that the State presented sufficient evidence at trial to submit to the jury the determination of whether Harris used a butcher knife to commit the offense of possession of a weapon by a convicted felon.[7] As acknowledged by both the circuit court judge and the trial attorneys, the determination of whether the knife at issue constituted a butcher knife was a question of fact for the jury. Further, the record reflects sufficient evidence to submit this factual question to the jury. After considering the evidence, the jurors not only determined that the knife constituted a deadly weapon reasonably capable of placing Rogers in fear of immediate death or serious bodily injury, but they also determined that the knife constituted a butcher knife.
¶ 20. Based on the foregoing, I would affirm Harris’s convictions for both armed robbery and possession of a weapon by a *199 convicted felon. Therefore, I respectfully dissent in part from the majority’s opinion.
JAMES, J., JOINS THIS OPINION IN PART.

. See Miss.Code Ann. § 97-3-79 (Rev. 2006) (discussing the offense of armed robbery); Miss.Code Ann. § 97-37-5 (Rev. 2006) (discussing the offense of possession of a weapon by a convicted felon, which prohibits a convicted felon from possessing "any firearm or any bowie knife, dirk knife, butcher knife, switchblade knife, metallic knuckles, blackjack, or any muffler or silencer for any firearm”).

. See generally Buchanan v. State, 84 So.3d 812, 817 (¶ 12) (Miss.Ct.App.2011) (recognizing that the jury determines questions of fact).

. See Hooker v. State, 716 So.2d 1104, 1117 (¶¶ 58-60) (Miss.1998) (recognizing that the State must prove the defendant’s guilt by presenting evidence to satisfy each element of the crime charged, that the State must prove all elements of the crime beyond a reasonable doubt, and that an instruction is not submitted to the jury unless the record contains an evidentiary basis of at least a preponderance of the evidence to support such an instruction).

.As reflected in the record, jury instruction number 16 stated the following:
The [cjourt instructs the jury that it is a question of fact for you to determine whether the knife claimed to have been used by the [Djefendant was a deadly weapon in the manner claimed to have been used in this case.
A deadly weapon may be defined as any object, articled] or means which, when used as a weapon under the existing circumstances[,j is reasonably capable of producing or likely to produce death or serious bodily harm to a human being upon whom the object, article!,] or means is used.

. See Byrom v. State, 863 So.2d 836, 853 (¶ 35) (Miss.2003) ("Our law is clear that an appellant must present to us a record sufficient to show the occurrence of the error he asserts and also that the matter was properly presented to the trial court and timely preserved.” (citations omitted)).

. At trial the circuit court judge gave jury instruction number 15, which stated:
The [cjourt instructs the [jjury that if you believe from the evidence in this case, beyond a reasonable doubt, that:
(1)On or about the 3rd of May, 2007, in the 1st Judicial District of Hinds [C]ount[y], Mississippi:
(2) the [D]efendant, Detrick Harris, did willfully, unlawfully, feloniously!,] and knowingly have in his possession;
(3) a weapon, to wit: a butcher knife[; and]
(4) has been convicted of a felony:
then you shall find Detrick Harris guilty of [possession of a[w]eapon by a[c]onvicted [fjelon.
If the [S]tate has failed to prove any or all of the elements of the crime of [possession of a[w]eapon while being a[c]onvicted [f]el-on, then you should return a verdict of not guilty on this charge.

.See Hooker, 716 So.2d at 1117 (¶¶ 58-60).